CHARLENE K. QUADE, # 6921
C.K. Quade Law, PLLC
1501 Tyrell Lane
Boise, ID 83706
Telephone:     (208) 367-0723
Facsimile:     (208) 639-6400
char@charquadelaw.com

SCOTT R. LEARNED, #6390
Learned Lawyer PLLC
950 W. Bannock Street #1100
Boise, Idaho 83702
Telephone:     (208) 615-5327
Facsimile:     (208) 639-6400
scottlearned@msn.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D.A. and J.A., on behalf of themselves and as legal guardians and parents of M.A., a minor individual with a disability, | Case No. 11-cv-00119-CWD |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM** |
| MERIDIAN JOINT SCHOOL DISTRICT NO. 2; and INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, | |
| Defendants. | |

Plaintiffs, by and through their counsel of record, submit the following Proposed Jury Instructions pursuant to Federal Rule of Civil Procedure 51(a), Local Rule 51.1 and the Court's Amended Pretrial Order (Doc. No. 98).   Because Plaintiffs do not yet know what evidence will be presented at trial, Plaintiffs reserve the right to submit more specific instructions at trial.

RESPECTFULLY SUBMITTED this 1st day of July, 2013.


_____ .
/s/
                        CHARLENE K. QUADE
                        Attorney for Plaintiffs




**CERTIFICATE OF SERVICE**


        I HEREBY CERTIFY that on the 1st day of July, 2013, I caused a true and correct copy
of the foregoing PROPOSED JURY INSTRUCTIONS, to be electronically filed with the Clerk
of the Court using the CM/ECF system, and served a copy upon the Registered Participants as
reflected by the method indicated below:


Elaine Eberharter-Maki, Attorney for Defendants
eemaki@emtedlaw.com

James B. Lynch, Attorney for Defendants
lynchlaw@qwest.net

J. Nick Crawford, Attorney for Defendants
jnc@brassey.net


_____
/s/
                        Amanda Smith

## **Plaintiffs' Proposed Instruction No. 1 – Duty of Jury**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

*See* Ninth Circuit Model Jury Instructions No. 1.1B

**<u>Plaintiffs Proposed Instruction No. 2 – Claims and Defenses</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that the defendants violated federal law by failing to adequately evaluate and educate the plaintiffs' son, M.A..  The plaintiffs have the burden of proving these claims.

The defendants deny those claims.

*See* Ninth Circuit Model Jury Instructions No. 1.2 (modified to fit the facts and claims of this case)

**<u>Plaintiffs Proposed Instruction No. 3 – Burden of Proof – Preponderance of the Evidence</u>**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented the evidence.

*See* Ninth Circuit Model Jury Instructions No. 1.3

**Plaintiffs Proposed Instruction No. 4 – Two or More Parties – Different Legal Rights**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

*See* Ninth Circuit Model Jury Instructions No. 1.5

**Plaintiffs Proposed Instruction No. 5 – What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

*See* Ninth Circuit Model Jury Instructions No. 1.6

## Plaintiffs Proposed Instruction No. 6 – What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*See* Ninth Circuit Model Jury Instructions No. 1.7

**Plaintiffs' Proposed Instruction No. 7 – Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

*See* Ninth Circuit Model Jury Instructions No. 1.8

**<u>Plaintiffs' Proposed Instruction No. 8 – Direct and Circumstantial Evidence</u>**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*See* Ninth Circuit Model Jury Instructions No. 1.9

**Plaintiffs' Proposed Instruction No. 9 – Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*See* Ninth Circuit Model Jury Instructions No. 1.10

**<u>Plaintiffs' Proposed Instruction No. 10 – Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

*See* Ninth Circuit Model Jury Instructions No. 1.11

**<u>Plaintiffs' Proposed Instruction No. 11 – Conduct of Jury</u>**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].   If any juror is exposed to any outside information, please notify the court immediately.

*See* Ninth Circuit Model Jury Instructions No. 1.12

**Plaintiffs' Proposed Instruction No. 12 – No Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

*See* Ninth Circuit Model Jury Instructions No. 1.13

**<u>Plaintiffs' Proposed Instruction No. 13 – Taking Notes</u>**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*See* Ninth Circuit Model Jury Instructions No. 1.14

**Plaintiffs' Proposed Instruction No. 14 – Questions to Witnesses by Jurors**

**INSTRUCTION**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

*See* Ninth Circuit Model Jury Instructions No. 1.15

**<u>Plaintiffs' Proposed Instruction No. 15 – Bench Conferences and Recesses</u>**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*See* Ninth Circuit Model Jury Instructions No. 1.18

**Plaintiffs' Proposed Instruction No. 16 – Prior Administrative Proceedings and IDEA**

Multiple federal laws govern the education of students with disabilities, including the Individuals with Disabilities Education Act, or IDEA; Section 504 of the Rehabilitation Act; and the Americans with Disabilities Act, or ADA. This case involves claims under Section 504 and the ADA. Other legal proceedings have taken place between the parties under the IDEA, but those proceedings, the statute itself, and the legal standards that apply to that statute, are not directly relevant to this proceeding. From time to time you may hear a lawyer or witness refer to prior testimony or a prior proceeding. You should not concern yourself with the outcomes of any such prior proceedings.

## <u>Plaintiffs' Proposed Instruction No. 17 – Outline of Trial</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*See* Ninth Circuit Model Jury Instructions No. 1.19

**Plaintiffs' Proposed Instruction No. 18 – Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition or other sworn testimony of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, or other sworn testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

*See* Ninth Circuit Model Jury Instructions No. 2.4

**<u>Plaintiffs' Proposed Instruction No. 19 – Expert Opinion</u>**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*See* Ninth Circuit Model Jury Instructions No. 2.11

**<u>Plaintiffs' Proposed Instruction No. 20 – Duty to Deliberate</u>**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*See* Ninth Circuit Model Jury Instructions No. 3.1

**<u>Plaintiffs' Proposed Instruction No. 21 – Communication with Court</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

*See* Ninth Circuit Model Jury Instructions No. 3.1

**<u>Plaintiffs' Proposed Instruction No. 22 – Return of Verdict</u>**

A verdict form has been prepared for you. [*<u>Any explanation of the verdict form may be</u>* *<u>given at this time.</u>*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

*See* Ninth Circuit Model Jury Instructions No. 3.1

## Plaintiffs' Proposed Instruction No. 23 – Violation of Section 504 Elements

The plaintiffs seek damages against the defendants for disability discrimination by the defendants, in violation of Section 504 of the Rehabilitation Act. In order to establish such a claim, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     M.A. is an individual with a disability;

2.     M.A. is qualified to receive the benefit at issue;

3.     M.A. was denied the benefits of the program solely by reason of his disability; and

4.     that the program receives federal financial assistance.

Furthermore, Plaintiffs must prove that the defendant acted with deliberate indifference in its denial of a public benefit. If you find that the plaintiffs have proved all of these elements, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendants.

*See* 29 U.S.C. §794(a); see also 34 C.F.R. §104.4 and *Weinrich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997); *Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008).

**Plaintiffs' Proposed Instruction No. 24 – Violation of ADA Elements**

The plaintiffs seek damages against the defendants for disability discrimination by the defendants, in violation of the American with Disabilities Act. In order to establish such a claim, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      M.A. is a qualified individual with a disability;

2.      M.A. was excluded from participation in or otherwise denied the benefits of the defendants' services, programs or activities; and

3.      such exclusion, denial of benefits, or discrimination was by reason of his disability.

Furthermore, Plaintiffs must prove that the defendant acted with deliberate indifference in its denial of a public benefit. If you find that the plaintiffs have proved all of these elements, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendants.

*See Weinrich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997); *Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008).

<u>**Plaintiffs' Proposed Instruction No. 25 – Qualified Individual with Disability**</u>

The first element of the discrimination claim that the plaintiffs must prove is that M.A. is a qualified individual with "disability," or has a record of such an impairment, or is regarded as having such an impairment. [1]

A "disability" is a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms "disability" and "physical or mental impairment" include (1) any physiological disorder, or condition, affecting one or more of body systems, such as: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, or digestive; or (2) any mental or psychological disorder such as emotional or mental illnesses and learning disabilities.

"Major life activities" are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Major life activities also include the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. [2]

Determination of whether a person's impairment substantially limits a major life activity shall be made without regard to the effects of mitigating measures such as medication, equipment, assistive technology, reasonable accommodations, or learned behavioral or adaptive neurological modifications.

---

[1] *See* 29 U.S.C. § 706(8)(b); 34 C.F.R §104.3(j), (l)(2)(m).
[2] *See* 34 C.F.R. § 104.4 (j)(ii); *see also* 42 U.S.C. § 12102 (2)(A) (ADAAA of 2008, effective January 2, 2009).

A "substantial limitation" exists when the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

(1) the nature and severity of the impairment;

(2) the duration or expected duration of the impairment; and

(3) the permanent or long-term impact of the impairment.

Based on Ninth Circuit Model Jury Instructions No. 12.2, modified in accordance with 42 U.S.C. § 12102(1)-(2).

**<u>Plaintiffs' Proposed Instruction No. 26 – Free Appropriate Public Education</u>**

The second element that plaintiffs must prove is that the defendants either excluded M.A. from participation in or denied him the benefits of the defendants' services, programs or activities, or that he was otherwise discriminated against by the defendants.

One way in which plaintiffs can establish exclusion or denial of benefits is to establish that the defendants failed to provide a free appropriate public education to M.A.   To be considered "free," means that public provided the education at no cost to M.A. or his parents.

With respect to the duration of educational services under Section 504, a handicapped person is one to whom a state must provide services due to the state's mandatory age requirements, or pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1412 (aged 18 to 21).[1]

To be considered "appropriate", the education must consist of "education in regular classes, education in regular classes with the use of supplementary services, or special education and related services. Special education may include specially designed instruction in classrooms, at home, or in private or public institutions and may be accompanied by such related services as developmental, corrective, and other supportive services (including psychological, counseling, and medical diagnostic services)." [2] Further, the defendants must ensure M.A.'s teacher are trained in the instruction of persons with M.A.'s disability,  and  appropriate materials and equipment must be available.[3]

---

[1] *See* 34 C.F.R. § 104.3(*l*)(2); [Section 504] Appendix A, Subpart A, #5, paras. 4 and 5.
[2] *See* [Section 504] Appendix A, Subpart D, #23, para. 2.
[3] *See* [Section 504] Appendix A, Subpart D, #23, para. 3, in relevant part.

To receive special education, a term defined under the Individuals with Disabilities Education Act (IDEA), M.A.'s disability, Autism, must meet the definition of one of several listed disabilities and, as a result, the M.A. must require special education services.  Autism is a listed disability.[1]  Special education may include specially designed instruction in classrooms, at home, or in private or public institutions and may be accompanied by such related services as developmental, corrective, and other supportive services (including psychological, counseling, and medical diagnostic services). [2]

The definition of Special Education services is "specially designed instruction or speech/language therapy at no cost to the parent to meet the unique needs of a student with a disability including instruction in the classroom, the home, hospitals, institutions, and other settings; instruction in physical education; speech therapy and language therapy; transition services; travel training; assistive technology services; and vocational education."[3] The implementation of an Individualized Education Program developed in accordance with the Individuals with Disabilities Education Act is one means of providing a free and appropriate education.[4]

The plaintiff can also establish discrimination, exclusion, or denial of program benefits to M.A., if the defendant denied Student a reasonable accommodation.  To determine whether an accommodation is considered "reasonable," depends upon M.A.'s individual circumstances and the accommodations that might allow him to enjoy meaningful access to his public education.[5]

---

[1] *See* Idaho Special Education Manual 2007 at 45, found online at
http://www.sde.idaho.gov/site/special_edu/manual_page.htm
[2] *See* [Section 504] Appendix A, Subpart D, #23, para 2.
[3] *See* Page xxx of Glossary in Idaho Special Education Manual 2007.
[4] *See* 34 C.F.R. § 104.33.
[5] *See Mark H. v Hamamoto*, 620 F.3d at 1096, 1097 (9th Cir. 2010); *Mark H. v. Hamamoto*, 513 F.3d at 938 (9th Cir. 2010).

To be considered "meaningful access," the education must be designed to meet M.A.'s needs as adequately as other students are met.

**Plaintiffs' Proposed Instruction No. 27 – Nonacademic settings**

Plaintiffs can also establish exclusion or denial of benefits by establishing that, in providing or arranging for the provision of nonacademic and extracurricular services and activities, including meals, recess periods, and other nonacademic services, the defendants failed to ensure that M.A. participate with nonhandicapped persons in such activities and services to the maximum extent appropriate to the needs of M.A..

To prevent discrimination, schools must take all reasonable steps to ensure that students with disabilities have access to the full range of programs and activities offered by the school.

Nonacademic and extracurricular services and activities may include counseling services, physical recreational athletics, transportation, health services, recreational activities, special interest groups or clubs sponsored by the defendants, referrals to agencies which provide assistance to handicapped persons, and employment of students, including both employment by the defendants and assistance in making available outside employment.

If defendants provide personal, academic, or vocational counseling, guidance, or placement services to their students, they shall provide these services without discrimination on the basis of handicap. The defendants shall ensure that qualified handicapped students are not counseled toward more restrictive career objectives than are nonhandicapped students with similar interests and abilities.

In providing physical education courses and athletics and similar aid, benefits, or services to any of its students, the defendants may not discriminate on the basis of handicap. If the defendants offer physical education courses or operate or sponsor interscholastic, club, or intramural athletics, the defendants shall provide to qualified handicapped students an equal opportunity for participation.

*See* 34 C.F.R. §§ 104.4, 104.21, 104.22, 104.34, 104.37. *See Eldon (MO) R-I School Distric*t, EHLR 352:145 (OCR, 1/16/86); *Beaver Dam (WI) Unified Sch. Dist*., 26 IDELR 761 (OCR, 2/27/97)(access to chorus room and auditorium); *Saddleback Valley (CA) Unified Sch. Dist*., 27 IDELR 376 (OCR, 5/5/97); *Wisconsin Heights (WI) Sch. Dist*., 30 IDELR 619 (OCR 11/5/98) (accessible restroom); *Shiloh (IL) Village Sch. Dist. 85*, 37 IDELR 188 (OCR 7/3/02) (access to playground); 34 C.F.R. § 104.34, 104.37.

**Plaintiffs' Proposed Instruction No. 28 – Evaluation**

The plaintiffs can also establish exclusion or denial of benefits by establishing that the defendants failed to conduct an adequate evaluation of M.A. upon knowledge of his needs, or believed needs, for special education or related services prior to initial educational placement.[1]

The plaintiffs can also establish exclusion or denial by establishing that the defendants failed to conduct an adequate periodic re-evaluation of M.A.[2]

The plaintiffs can also establish exclusion or denial by establishing that the defendants failed to conduct an adequate evaluation of M.A. subsequent to a significant change in placement.[3]  To be considered a "significant change in placement," as defined by the Office of Civil Rights at its internet web page, entitled, Protecting Students With Disabilities: Frequently Asked Questions About Section 504 and the Education of Children with Disabilities, the exclusion from the educational program of more than ten consecutive school days is a significant change in placement.  Similarly, the transfer of a M.A. from one type of program to another, or terminating or significantly reducing a related service provided to M.A. is considered a "significant change in placement."[4]

To be considered an evaluation, it must meet the following criteria:

(1) Tests and other evaluation materials must have been validated for the specific purpose for which they are used and must be administered by trained personnel in conformance with the instructions provided by their producer;

---

[1] *See* 34 C.F.R. § 104.35(a).
[2] *See* 34 C.F.R. § 104.35(b).
[3] *See* 34 C.F.R. § 104.35(b).
[4] *See* http://www2.ed.gov/about/offices/list/ocr/504faq.html

(2) Tests and other evaluation materials must include those tailored to assess specific areas of educational need and not merely those which are designed to provide a single general intelligence quotient; and

(3) Tests must be selected and administered so as best to ensure that, when a test is administered to a student with impaired sensory, manual, or speaking skills, the test results accurately reflect the student's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the student's impaired sensory, manual, or speaking skills (except where those skills are the factors that the test purports to measure).[1]

To be considered adequate, the evaluation and assessment of M.A.'s impairment of his major life activities must be determined without regard to reasonable accommodations[2], and "all significant factors relating to the learning process, including adaptive behavior, [must] be considered. (Adaptive behavior is the effectiveness with which the individual meets the standards of personal independence and social responsibility expected of his or her age and cultural group.)"[3]

To be considered properly trained, test/evaluation administers must be trained in M.A.'s disability; to the level necessary to understand and recognize, and tailor evaluation materials to Student's specific areas of educational need.[4]

---

[1] *See* 34 C.F.R. § 104.35(a)-(b).
[2] *See* 42 U.S.C. § 12102 4(E)(i).
[3] *See* [Section 504] Appendix A, Subpart D, #25, para 5
[4] *See* 34 C.F.R. § 104.35

**Plaintiffs' Proposed Instruction No. 29 – Placement**

The plaintiffs can also establish exclusion or denial of benefits by establishing that the defendants failed to make an appropriate placement decision regarding the education of M.A.. In interpreting evaluation data and in making placement decisions, the defendants shall (1) draw upon information from a variety of sources, including aptitude and achievement tests, teacher recommendations, physical condition, social or cultural background, and adaptive behavior, (2) establish procedures to ensure that information obtained from all such sources is documented and carefully considered, and (3) ensure that the placement decision is made by a group of persons, including persons knowledgeable about the child, the meaning of the evaluation data, and the placement options.

*See* 34 C.F.R. § 104.35(c).

## Plaintiffs' Proposed Instruction No. 30 – Harassment

The plaintiffs can also establish exclusion or denial of benefits by establishing that M.A. was harassed based on his disability, that the defendants knew about the harassment, and that the harassment was sufficiently severe or pervasive that it altered the condition of his education and created an abusive educational environment.

Whether the harassment created an abusive educational environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with M.A.'s education.

*See S.S. v. Eastern Kentucky Univ*., 532 F.3d 445, 453 (6th Cir. 2008); Ninth Circuit Model Jury Instructions No. 10.2A.

## Plaintiffs' Proposed Instruction No. 31 – Motivating Factor

The third element that plaintiffs must prove is that any exclusion, denial of benefits, or other discrimination by the defendants was by reason of M.A.'s disability. M.A.'s disability need not be the only reason for any exclusion, denial of benefits, or other discrimination. It is sufficient if his disability is a motivating factor in such exclusion, denial of benefits, or other discrimination.

*See Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1063-66 (9th Cir. 2005); Ninth Circuit Model Jury Instructions Section 12, Introductory Comment; Ninth Circuit Model Jury Instructions No. 12.1C comments.

## Plaintiffs' Proposed Instruction No. 32 – Deliberate Indifference

In order to find in favor of the plaintiffs, you must find that the defendants acted intentionally or with deliberate indifference to the rights of M.A. or his parents. Deliberate indifference is established by showing that the defendants knew that harm to a federally-protected right was substantially likely, yet the defendants failed to act appropriately. In order to act appropriately, the defendants much consider M.A.'s particular needs in determining what accommodations are reasonable to ensure a free and appropriate public education.[1]

The plaintiffs can establish the "failure to act" element of deliberate indifference by establishing the defendant proffered just any accommodation without consideration of M.A.'s particular need when conducting its investigation into what accommodations are reasonable.[2]

The plaintiffs can establish the "failure to act" element of deliberate indifference by establishing that the defendants denied reasonable accommodation if: (i) M.A. needed autism specific services to enjoy meaningful access to the benefits of public education; (2) the defendants were on notice that M.A. needed those autism specific services, but did not provide those services; and (3) autism specific services were available as a reasonable accommodation.[3]

The plaintiffs can establish the "failure to act" element of deliberate indifference by establishing that the defendants failed to identify M.A. as eligible for special education and design M.A. an Individual Education Program to meet his needs so as to provide M.A. meaningful access to the benefits of a public education.[4]

---

[1] *See Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).
[2] *See* Section 504(a), 29 U.S.C.A. § 794(a); ADA, § 202, 42 U.S.C.A. § 12132. *Lovell v. Chandler*, 303 F.3d at 1056 (9th Cir. 2002); *Mark H. v. Hamamoto*, 620 F.3d at 1099 (9th Cir. 2010).
[3] *See Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).
[4] *See Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010).

## Plaintiffs' Proposed Instruction No. 33 – Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The mental, physical, and emotional pain and suffering experienced and with reasonable probability will be experienced in the future.

2. The reasonable value of necessary medical care, treatment, and services received to the present time.

3. The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future.

4. The reasonable value of wages, earnings, earning capacity, salaries, and employment opportunities lost to the present time.

5. The reasonable value of wages, earnings, earning capacity, salaries, and employment opportunities which with reasonable probability will be lost in the future.

6. The reasonable value of services other than medical and expenses required to the present time.

7. The reasonable value of services other than medical and expenses which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*See* Ninth Circuit Model Jury Instructions No. 5.1-5.2.

**<u>Plaintiffs' Proposed Verdict Form</u>**

1.     Have the plaintiffs proved, by a preponderance of the evidence, that the defendant Meridian Joint School District No. 2 discriminated against M.A. by reason of his disability?

_____Yes                    _____ No

If the answer to Question No. 1 is "yes," proceed to Question No. 2.  If the answer to Question No. 1 in "no," proceed to Question No. 3.

2.     What is the total amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant Meridian Joint School District?


$ _____

Proceed to Question No. 3.

3.     Have the plaintiffs proved, by a preponderance of the evidence, that the defendant Independent School District of Boise City discriminated against M.A. by reason of his disability?

_____Yes                    _____ No

If the answer to Question No. 3 is "yes," proceed to Question No. 4.  If the answer to Question No. 3 is "no," do not answer Question No. 4.  Sign and date this form and return it to the bailiff.

4.     What is the total amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant Independent School District of Boise City?


$ _____

Sign and date this form and return it to the bailiff.

_____          _____

_____          _____

_____          _____

_____          _____